IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>JUWAN A. POWELL,<br><br>　　　　　　Defendant. | 4:20-CR-3096<br><br>ORDER |

　　　　The defendant has filed a "motion for reconsideration" (filing 163) with respect to the Court's previous order (filing 162) denying his motion (filing 158) for a sentence reduction pursuant to U.S.S.G. Amend. 821. The Court will appoint counsel for the defendant and request further briefing on the motion.

　　　　The defendant's previous motion sought a reduction of his term of incarceration. Filing 158. For the reasons explained in the Federal Public Defender's motion to withdraw (filing 160) and the probation office's retroactive sentencing worksheet (filing 161), the defendant isn't eligible for a sentence reduction: Although the defendant's criminal history *score* would be reduced by removing his "status points," he would remain Criminal History Category III, meaning that his guidelines sentencing range would remain unchanged. *See* filing 161.

　　　　But the defendant's current motion is asking for something different. *See* filing 163. According to the defendant, his criminal history points help determine his classification by the Bureau of Prisons, affecting his security level and the institutions available to him. *See* filing 163. Accordingly, he's simply asking the Court to revise the presentence investigation report to reflect his amended criminal history calculation, which he asserts would

change his classification and make him eligible for placement in a lower security institution. *See* filing 163.

The defendant's description is consistent with the Court's understanding of the way the BOP *has* classified inmates in the past. *See, e.g.*, *Swimmer v. Outlaw*, No. 2:09-CV-117, 2010 WL 779307, at *2 (E.D. Ark. Mar. 4, 2010). But the Court cannot review the BOP's current version of Program Statement 5100.08 because "[t]his content is temporarily unavailable as we implement the Executive Order on 'Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government.'" https://www.bop.gov/policy/progstat/5100_008cn.pdf (last visited Feb. 20, 2025). So, while the Bureau of Prisons is busy doing what it believes it needs to do, the Court has little choice but to ask the government to explain its current policies itself.

The Court is aware that the BOP's classification decisions are themselves insulated from judicial review. *See* 18 U.S.C. § 3621(b) "The Bureau of Prisons shall designate the place of the prisoner's imprisonment" and "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court"). But the defendant isn't challenging the BOP's classification decision—he's accepting, at least for purposes of this motion, that his classification is correct based on his current information. What he wants to change is the information provided to the BOP by the Court.

The Court can't readily determine whether its post-judgment modification of the defendant's presentence report would actually have a downstream effect on his classification by BOP, and what any change in his classification would mean as a practical matter. Accordingly, the Court finds that a response from the government and appointment of counsel for the

2

defendant would help the Court determine whether any relief is available to the defendant and, if so, whether it would be appropriately granted.

IT IS ORDERED:

1. The Federal Public Defender for the District of Nebraska is appointed to represent the defendant for the limited purpose of determining whether or not the defendant's motion to amend the presentence report (filing 163) should be granted.

2. The government shall respond to the defendant's motion (filing 163) on or before March 24, 2025. The defendant, through counsel, may reply on or before April 7, 2025.

3. In the event the Federal Public Defender should decline this appointment because of a conflict of interest or on the basis of the Amended Criminal Justice Act Plan, the Federal Public Defender shall provide the Court with a draft appointment order (CJA Form 20) bearing the name and other identifying information of the CJA Panel attorney identified in accordance with the Amended Criminal Justice Act Plan for this district.

4. The Office of U.S. Probation and Pretrial Services is authorized to disclose Presentence Investigation Reports and materials obtained from the Bureau of Prisons to the Federal Public Defender and the United States Attorney for the purpose of evaluating the defendant's motion. The

Federal Public Defender shall provide the Presentence Investigation Report to any subsequently appointed or retained counsel. In accordance with the policy of the Federal Bureau of Prisons, no Presentence Investigation Report shall be provided to inmates.

Dated this 20th day of February, 2025.

                        BY THE COURT:

                        _____
                        John M. Gerrard
                        Senior United States District Judge