IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:20-CR-3096 |
| vs. | ORDER |
| JUWAN A. POWELL, | |
| Defendant. | |

The defendant has filed a "motion for reconsideration" (filing 163) that, in effect, asks the Court to modify the presentence report (filing 149) that was made part of the record on August 22, 2022, shortly after it was adopted at the defendant's August 19 sentencing. *See* filing 146.

The defendant's argument is that his criminal history calculation would be affected by U.S.S.G. Amend. 821 and, while his sentencing guidelines range would remain unchanged, his criminal history score has a collateral effect on his classification in prison. *See* filing 163. The parties disagree on that point. *Compare* filing 165, *with* filing 166. But the initial question for the Court is whether there's anything it can do about the problem.

The Court is sympathetic to the defendant's situation. But ultimately, it appears the Court lacks the jurisdiction to grant relief. The pertinent authority is *United States v. Leath*, in which the defendant filed a postjudgment motion to correct his presentence report after he was denied parole. 711 F.2d 119, 120 (8th Cir. 1983). The denial was based on the defendant's classification as "Greatest I" risk for purposes of parole eligibility, which was in turn based on facts in the presentence report that the defendant claimed were erroneous. *Id*. So, the defendant asked the trial court to amend his presentence report.

But the district court denied the motion, and the Court of Appeals dismissed the defendant's appeal for lack of jurisdiction. *See id*. The Court of Appeals characterized the defendant's motion as seeking "to remove certain allegedly erroneous information from his presentence report and reduce his parole eligibility classification." *Id*. But as a result, the Court explained, "this is a challenge to the execution of the sentence rather than to the sentence itself, [so] we do not have jurisdiction under [28 U.S.C. §] 2255." *Leath*, 711 F.2d at 120. Nor did the Court have jurisdiction under 28 U.S.C. § 2241, because the defendant's motion hadn't been filed in the district of confinement. *Leath*, 711 F.2d at 120. So, the Court of Appeals dismissed the appeal and remanded the case with instructions to dismiss for lack of jurisdiction. *Id*. at 121.

The Eighth Circuit revisited *Leath* in *United States v. Clark*, in which a defendant similarly filed a post-sentencing motion to amend his presentence report—this time, citing Fed. R. Crim. P. 32 and Fed. R. Crim. P. 36 as a basis for the motion. 50 F. App'x 802, 803 (8th Cir. 2002). The motion was denied and the defendant's appeal was dismissed as untimely, but in doing so the Court of Appeals again noted that the defendant's remedy, if it was available at all, was under § 2241. *Clark*, 50 F. App'x at 303; *see also United States v. Sawatzky*, 670 F. Supp. 3d 863, 865 (S.D. Iowa 2023).

The Eighth Circuit has also rejected the argument, even on direct appeal, that alleged errors in a presentence report should be corrected in order to prevent misclassification by the Bureau of Prisons. *United States v. Hernandez-Espinoza*, 890 F.3d 743, 745-46 (8th Cir. 2018). "District courts," the Court of Appeals wrote, "are arbiters of justice, not editors of PSRs." *Id*. at 745. It was, the Court said, "speculative" that the BOP would "cursorily and mistakenly" classify the defendant considering all of the information available,

and "even if it did, [the defendant] could pursue administrative remedies within the BOP." *Id.* at 746.

Taken together, this tells us that post-sentencing authority to amend or correct a presentence report isn't found in Fed. R. Crim. P. 32, 35, or 36, or § 2255. *See United States v. Burkhead*, 567 F. Supp. 1425, 1427-31 (W.D. Mo. 1983). It is, if it exists, in § 2241—and, accordingly, not in this Court. *See id.*

It is true that the instant case is arguably distinguishable, insofar as the defendant here isn't arguing that the presentence report was inaccurate when it was adopted. So, to be fair, he had no obligation to object at the time. But that distinction doesn't provide a procedural vehicle to get the defendant where he wants to go. Neither 18 U.S.C. § 3582(c)(2) nor U.S.S.G. § 1B.10, which address the effect of retroactive amendments, speak to amending a presentence report outside the context of a sentence reduction. And that's consistent with the Court's duties as defined by the Eighth Circuit—"arbiters of justice, not editors of PSRs." *Hernandez-Espinoza,* 890 F.3d at 745.

The Eighth Circuit's instruction, in *Leath* and subsequent cases, is that amendment of a presentence report in order to affect a prisoner's classification is in effect a challenge to the service of sentence, cognizable under § 2241 in the district of confinement. In the absence of any other authority to amend a presentence report under these circumstances, the Court finds that authority applicable here.[1] Accordingly,

---

[1] The Court will, however, provide the Bureau of Prisons with a copy of the probation office's retroactive sentencing worksheet (filing 161), which reflects the effect of Amendment 821 on the defendant's criminal history calculation. If the BOP doesn't recognize that retroactive calculation, § 2241 may provide the procedural vehicle to bring a claim.

IT IS ORDERED:

1. The defendant's "motion for reconsideration" (filing 163) is denied.

2. The Clerk of the Court is directed to provide a copy of this order and a copy of filing 161 to the Bureau of Prisons at:

    Federal Bureau of Prisons
    Designation and Sentence Computation Center
    U.S. Armed Forces Reserve Complex
    346 Marine Forces Drive
    Grand Prairie, TX 75051

Dated this 26th day of August, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge